Kelsey Furman, OSB No. 214184
**Klamath-Siskiyou Wildlands Center**
562 A St.
Ashland, Oregon 97520
(541) 200-7824
kelsey@kswild.org

*Plaintiff's Lead Counsel*

David A. Bahr, OSB No. 901990
**Bahr Law Offices, P.C.**
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439
davebahr@mindspring.com

*Plaintiff's Counsel*

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## MEDFORD DIVISION

| | |
|---|---|
| **KLAMATH-SISKIYOU WILDLANDS CENTER**, a non-profit Oregon Corporation**,** | Case No.: 22-1482 |
| *Plaintiff,* | |
| v. | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| **UNITED STATES DEPARTMENT OF INTERIOR**, an Executive Department of the United States of America; and **UNITED STATES BUREAU OF LAND MANAGEMENT**, an Administrative Agency of the United States Department of Interior**,** | **Freedom of Information Act (5 U.S.C. § 552)** |
| *Defendants.* | |

The above captioned Plaintiff alleges as follows:

**COMPLAINT**

1

## INTRODUCTION

1.       In this action, brought pursuant to the Freedom of Information Act ("FOIA" or "the Act"), 5 U.S.C. § 552, or, in the alternative, the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 – 706, Klamath-Siskiyou Wildlands Center ("KS Wild") challenges the unlawful acts and omissions of the Bureau of Land Management ("BLM" or "the Agency") and the U.S. Department of Interior ("DOI") (collectively "Defendants") in relation to KS Wild's FOIA request filed in 2021.

2.       As background to this Complaint, the Rogue Gold Vegetation Management Project ("Rogue Gold" or "Project") is a proposed forest management project on BLM-administered lands that began on September 24, 2021.

3.       As part of its work to monitor, protect, and advocate for public lands in the project area, for decades KS Wild has participated in federal planning activities with respect to timber harvest, fuel maintenance activities, and projects that affect wildlife and habitat.

4.       In 2021, KS Wild submitted to BLM a FOIA request for records pertaining to the BLM's implementation of its Rogue Gold Vegetation Management Project.

5.       Despite numerous inquiries from KS Wild, the BLM did not complete its response to this request for nearly four months and it withheld or redacted many of the requested documents without legally applicable disclosure exemption or adequate explanation.

6.       In February and March 2022, KS Wild timely appealed the BLM's unlawful response to the FOIA request, but as of this Complaint's filing date, the agency has not made a final decision nor substantially responded to KS Wild's appeals as required by FOIA.

7.      The Defendants' unlawful withholding of responsive records and failure to timely decide KS Wild's FOIA request and administrative appeals violates FOIA or, in the alternative, the APA.

8.      The Defendants' failure to disclose the requested documents or decide KS wild's appeals cause concrete and ongoing injuries to KS Wild, as it relies on such public records in its ongoing outreach, education, forest advocacy and government "watchdog" efforts.

9.      KS Wild seeks injunctive relief requiring the disclosure of all non-exempt portions of the requested documents and a judicial declaration that the Defendants violated FOIA or in the alternative, the APA.

10.      Should KS Wild prevail, it will seek an award of reasonable attorneys' fees and litigation costs pursuant to FOIA, 5 U.S.C. § 552(A)(4)(E), the Equal Access to Justice Act, 28 U.S.C. §§ 2412 *et seq.*, or other applicable authorities.

<u>**JURISDICTION AND VENUE**</u>

11.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(A)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

12.      Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) which provides venue for FOIA cases in this District because Plaintiff resides and has its principal place of business within this judicial district. Further the BLM office responding to KS Wild's FOIA request and the agency records in question are located in this judicial district. For these reasons, venue is also proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and (e) because a significant portion of the events, and the people and records to which they pertain, are located in Oregon and

**COMPLAINT**

3

defendants are federal agencies. Assignment in this judicial division is proper for the same reasons.

13.    The requested relief for a declaratory judgment is proper under 28 U.S.C. § 2201.

14.    The requested injunctive relief is proper under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

### Plaintiff

15.    Plaintiff KLAMATH-SISKIYOU WILDLANDS CENTER ("KS Wild") is a domestic non-profit corporation organized and existing under the laws of the State of Oregon. KS Wild's main office is in Ashland, Oregon. KS Wild has over 3,500 members and supporters in more than 10 states, with most members concentrated in southern Oregon and northern California. On behalf of its members, KS Wild advocates for the forests, wildlife, and waters of the Rogue and Klamath Basins and works to protect and restore the extraordinary biological diversity of the Klamath-Siskiyou region of southwest Oregon and Northwest California. KS Wild uses environmental law, science, education, and collaboration to help build healthy ecosystems and sustainable communities. Through its campaign work, KS Wild strives to protect the last wild areas and vital biological diversity of the Klamath-Siskiyou region. KS Wild is a leader in protecting Oregon's public lands and forests, and routinely participates in commenting, monitoring, and litigation affecting vegetation management projects on public lands in Oregon.

16.    To achieve its goals, KS Wild often requests information regarding federal programs and activities through FOIA. KS Wild uses this information to inform the public of federal actions impacting the Klamath-Siskiyou bioregion by presenting the material to its members and supporters, as well as members of other conservation organizations, through its newsletter, web

site, social media, blog, and email alerts; participating in other public forums, such as local government hearings; and encouraging its members and supporters to participate in federal decision-making.

17.     KS Wild uses information obtained through FOIA requests to ensure that timber sales and other management actions on public lands comply with federal laws including the Federal Land Policy Management Act ("FLPMA"), 43 U.S.C. §§ 1701-1785, the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321-4370h, and the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531-1544.

18.     KS Wild and its staff, members, and supporters have been actively involved in commenting on and monitoring the Rogue Gold project.

19.     The Defendants' continuing failure to properly disclose the requested records or lawfully respond to KS Wild's request and appeals prejudices KS Wild's ability to obtain and use public information in its ongoing public outreach, environmental education, and government "watchdog" efforts.

20.     KS Wild and its staff, members, and supporters are thus directly injured by the Defendants' failure to comply with FOIA, and a favorable outcome of this litigation will redress that injury. KS Wild brings this suit on behalf of itself, its staff, and its members.

**Defendants**

21.     Defendant UNITED STATES BUREAU OF LAND MANAGEMENT ("BLM") is an agency within the DOI entrusted with the management of our public lands and resources in accordance and compliance with federal laws and regulations. The BLM is in possession, custody, or control of the records sought by KS Wild and, as such, is subject to FOIA pursuant to 5

**COMPLAINT**

U.S.C. § 552(f). The BLM's Regional Office in Portland, Oregon received and finally (albeit de-linquently) issued a decision on KS Wild's FOIA request, unlawfully withholding 446 full or partial pages of responsive records.

22.    The BLM is obligated to respond to administrative appeals of its FOIA determina-tions within 20 business days of receipt. 43 C.F.R. § 2.62. The BLM acknowledged receipt of KS Wild's appeal on April 2, 2022, but at the time of this Complaint's filing has not issued a deci-sion.

23.    Defendant UNITED STATES DEPARTMENT OF INTERIOR is an agency of the executive branch of the United States government. The DOI, through the BLM, is in posses-sion, custody, or control of the records sought by KS Wild and, as such, is subject to FOIA pur-suant to 5 U.S.C. § 552(f). The DOI's Office of General Counsel must review and approve the BLM's denial of any FOIA appeal.

## **LEGAL CONTEXT**

### **Freedom of Information Act (FOIA)**

24.    FOIA's "basic purpose" is "to open agency action to the light of public scrutiny." *U.S. Dep't of Just. v. Reps. Comm. for Freedom of Press*, 489 U.S. 749, 772 (1989) (quoting *Dep't of the Air Force v. Rose*, 425 U.S. 352, 272 (1976)). It was enacted "to ensure an informed citizenry, promote official transparency, and provide a check against government impunity." *Transgender Law Ctr. v. Immigr. & Customs Enf't*, 33 F.4th 1186 (9th Cir. 2022).

25.    In response to a FOIA request, an agency must conduct a reasonable search to find any responsive records. *Hamdan v. U.S. Dep't of Just.*, 797 F.3d 759, 770 (9th Cir. 2015). The agency bears the burden of demonstrating, "beyond a material doubt," that its search was

**COMPLAINT**

"reasonably calculated to uncover all relevant documents." *Transgender Law Ctr.*, 33 F.4th at

*11-13 (quoting *Hamdan*, 797 F.3d at 770).

26.    To achieve its goals of government transparency and accountability, FOIA "estab-

lish[es] a general philosophy of full agency disclosure unless information is exempted under

clearly delineated statutory language." S. Rep. No. 813, at 3 (1st Sess. 1965). Federal agencies

must make records in their possession or control available to the public upon request, unless one

of FOIA's specific and narrowly construed exemptions applies. 5 U.S.C. §§ 552(a) – (b).

27.    Consistent with FOIA's purpose of encouraging disclosure, these exemptions are

discretionary, not mandatory. *Chrysler Corp. v. Brown*, 441 U.S. 281, 291 (1979). Withholding a

record is permissible "only if the agency reasonably foresees that disclosure would harm an in-

terest protected by an exemption." 5 U.S.C. § 552(a)(8)(A).

28.    An agency bears the burden of proving that any document—or portion thereof—it

seeks to withhold falls within one of FOIA's nine specific exemptions. 5 U.S.C. § 552(a)(4)(B).

Agencies may not justify nondisclosure with conclusory or generalized allegations of confidenti-

ality. *See Shannahan v. I.R.S.,* 672 F.3d 1142, 1148 (9th Cir. 2012).

29.    FOIA Exemption 5, 5 U.S.C. § 552(b)(5), ("Exemption 5") allows a federal

agency to withhold records that it would not have to disclose in civil discovery, including inter-

or intra-agency memoranda or letters covered by the deliberative process privilege ("DPP").

30.    Records withheld pursuant to Exemption 5's DPP must possess three characteris-

tics. The record must: (1) document a communication between or among federal agency employ-

ees; (2) be pre-decisional; and (3) constitute a direct part of the deliberative process.

31.    The Act further requires that an agency may "withhold information under this sec-

tion *only if* – (I) the agency reasonably foresees that disclosure would harm an interest protected

by an exemption described in subsection." 5 U.S.C. § 552(a)(8)(A)(i) (emphasis added); *see also*

H.R. Rep. No. 114-391, at 10 (2016) ("The deliberative process privilege is the most used privi-

lege and the source of the most concern regarding overuse.").  This so-called "foreseeable harm"

requirement requires that when asserting DPP to withhold information an "agency invoking an

exemption must provide a 'focused and concrete demonstration of <u>why</u> disclosure of the particu-

lar type of material at issue will, in the specific context of the agency action at issue, actually im-

pede those same agency deliberations going forward.'") *Reporters Committee for Freedom of*

*Press v. FBI*, No. 20-5091, 2021 WL 2753938, at *12 (D.C. Cir. July 2, 2021) (emphasis added);

*see also* <u>Ctr. for Investigative Reporting</u>, 436 F. Supp. 3d at 106 (explaining that agency must

"identify specific harms to the relevant protected interests that it can reasonably foresee would

actually ensue from disclosure of the withheld materials" and "connect [such] harms in a mean-

ingful way to the information withheld") (cleaned up) (citation omitted).

32.    Within a privileged document, any reasonably segregable portions that do not re-

flect the agency's deliberative process must be separated and disclosed. The agency must estab-

lish that all reasonably segregable portions of a document have been segregated and disclosed,

and that any withheld records are within the scope of the claimed exemption.

33.    FOIA imposes strict deadlines on federal agencies. Within twenty working days

of receiving a FOIA request, the agency must make a final decision that notifies the requestor the

scope of the documents that the agency will produce, the scope of the documents that the agency

believes exempt from disclosure, the reasons for any withholdings, and of the requester's right to

appeal any adverse determination. 5 U.S.C. §§ 552(a)(3)(A), 552(a)(6)(A)(i).

34.    Congress has set forth the circumstances in which federal agencies may obtain

more time to make the determination required by 5 U.S.C. § 552(a)(6)(A)(i). In two very limited

circumstances the agency may toll the twenty business-day deadline for making that determination. 5 U.S.C. § 552(a)(6)(A)(ii) (providing for up to a ten-day tolling period to allow an agency to seek information from a requester). Additionally, the agency may extend the twenty business-day deadline for making that determination for an additional ten business days by providing a written notice to the requester that sets forth the "unusual circumstances" that justify the deadline extension and the date on which the agency expects to make the determination. 5 U.S.C.§ 552(a)(6)–(B)(ii). The statute includes a specific definition of the term "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(iii). And when the agency notifies a requester of unusual circumstances and the need for additional time, the agency's written notification "shall provide the person an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." 5 U.S.C. § 552(a)(6)(B)(ii). Moreover, an agency asserting that unusual circumstances prevent its compliance with FOIA's deadlines "shall make available its FOIA Public Liaison, who shall assist in the resolution of any disputes between the requester and the agency." *Id*.

35.     If an agency denies all or part of a FOIA request, the requestor may appeal to the head of that agency. 5 U.S.C. § 552(a)(6)(A)(i); 43 C.F.R. § 2.57(a)(1) ("you may file an appeal when … the bureau withholds records, or parts of records").

36.     Appeals must be received by the FOIA Appeals Officer no later than 90 workdays from the date of the final decision. 43 C.F.R. § 2.58(a); 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa).

37.     The agency must "make a determination with respect to [the] appeal within twenty [working] days" after receiving the appeal. 5 U.S.C. § 552(a)(6)(A)(ii); 43 C.F.R. § 2.62(a).

**COMPLAINT**

38.     There is no statutory basis for an agency to demand a requester await completion of an untimely final decision before filing an appeal of an agency's untimely partial response. *See, e.g., Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180 (D.C. Cir., 2013) (noting that such a demand would impose an unlawful "Catch 22" because in such a context "A requester cannot appeal within the agency because the agency has not provided the necessary information. Yet the requester cannot go to court because the requester has not appealed within the agency").

39.     Further, FOIA and the DOI's regulations require the agency to make an expedited processing determination "within 10 calendar days of receiving an expedited processing request." *See* 5 U.S.C. § 552(a)(6)(E)(ii)(I); 43 C.F.R. § 2.20(e).

40.     An agency's failure to timely respond to a FOIA request or appeal is itself a violation of the statute, regardless of a request's final outcome. 5 U.S.C. § 552(a)(6)(A)(ii). *See Or. Nat. Desert Ass'n v. Gutierrez*, 409 F.Supp.2d 1237, 1248 (D. Or. 2006), *aff'd in part, rev. on other grounds*, *Or. Nat. Desert Ass'n v. Locke*, 572 F.3d 610 (9th Cir. 2009); *see also Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.*, 85 F.Supp.3d 1074, 1089-1090 (N.D. Cal. 2015).

41.     An agency's failure to provide a FOIA requester with information about the status of the agency's response to an information request or appeal, including an estimated date on which the agency will complete action on the request or appeal is itself a violation of the statute, regardless of a request's final outcome. 5 U.S.C. § 552(a)(7)(B)(ii) (imposing duty to provide estimated completion date); *see also Muttitt v. United States Cent. Command*, 813 F.Supp.2d 221, 231 (D.D.C., 2011) (agency pattern of failure to provide estimated FOIA request completion dates is actionable).

**COMPLAINT**

**42.**    A requestor has "exhausted his administrative remedies," 5 U.S.C. § 552(a)(6)(C)(i), and may sue in federal district court if the agency does not make a final decision on an appeal within twenty working days of receipt. 5 U.S.C. § 552(a)(6)(A)(ii).

**43.**    A federal district court has jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

**Administrative Procedure Act (APA)**

**44.**    Agency action arising under FOIA has also been subject to judicial review under the APA. *See, e.g., Or. Nat. Desert Ass'n*, 409 F.Supp.2d at 1248 (finding that violation of FOIA's decision deadline constitutes APA violation for an agency action that is not in accordance with the law).

**45.**    The APA authorizes district courts to compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1). District courts must also set aside any agency action found to be arbitrary, capricious, an abuse of discretion, not in accordance with law, or made without observation of required procedures. 5 U.S.C. § 706(2).

## **FACTUAL BACKGROUND**

### *KS Wild's 2021 FOIA Request and 2022 Appeals: Request DOI-BLM-2022-000659*

**46.**    On November 10, 2021, early in the day and before 5 pm. EST, KS Wild submitted a FOIA request to the online BLM FOIA request center for "[a]ll emails, notes, correspondence or other documents regarding the 'Rogue Gold' vegetation management project."

**COMPLAINT**                                                11

47.    In its FOIA request, KS Wild explained that it would use the requested informa-tion to educate its members and the general public and to further its mission to protect and pre-serve public forest lands in southwestern Oregon.

48.    On November 10, 2021, the BLM sent Plaintiff an email assigning its FOIA re-quest control number: DOI-BLM-2022-000659 ("Request").

49.    On November 24, 2021, the BLM sent a letter acknowledging KS Wild's request that alleged that the BLM did not receive it until November 15, 2021. BLM's alleged date of re-ceipt is suspect because, as noted above, the request was sent electronically on November 10, 2021. The fact that BLM actually received Plaintiff's FOIA request earlier than the November 15, 2021 date it claims is established by Defendant's issuing a formal tracking number five days earlier — November 10, 2021 — than its purported November 15, 2021 date of receipt.

50.    The BLM's November 24, 2021 letter also denied Plaintiff's expedited processing request, granted a fee waiver, and placed the request in the complex processing track. The letter explained that a 10-day extension for making a final decision on the request had been invoked because the BLM needed "to search for and collect responsive records from a field office sepa-rate from the office that is processing [our] request."

51.    The BLM's November 24, 2021 letter stated that it anticipated a completed re-sponse by February 28, 2022.

52.    On January 7, 2022, the BLM released an initial response to KS Wild's Request, for which the agency stated that it had reviewed approximately 463 pages of responsive records. Of these, the BLM had determined that approximately 221 pages could be disclosed in their en-tirety. The BLM stated that at least 204 partial and 52 full pages were withheld pursuant to one or more of the privileges subsumed within FOIA's Exemption 5. Specifically, the BLM withheld

**COMPLAINT**

187 partial and 52 full pages pursuant to Exemption 5's deliberative process privilege (DPP) and

17 partial pages based on an assertion of the government commercial information privilege.[1]

53.     In an attempt to justify the Exemption 5 DPP nondisclosures, the BLM's January

7, 2022 letter merely offered conclusory assertions that draft maps, draft correspondence, raw

data, inter-agency and draft briefing paper discussions on decision making matters are delibera-

tive internal processes and as such must be withheld pursuant to Exemption 5.

54.     On February 14, 2022, KS Wild emailed the BLM and asked if the Agency still

anticipated completing its response to the FOIA Request by February 28, 2022. The BLM re-

sponded on February 17, 2022, that it anticipated a response "within the next two weeks."

55.     Concerned by the scope of the BLM's nondisclosure, the inadequacy of its justifi-

cation, and the agency's complete failure to segregate and release non-exempt portions of the

record, on February 15, 2022, KS Wild filed its first administrative appeal contesting the deter-

mination of the initial response of the Request.

56.     In its appeal, KS Wild noted that the BLM had not clearly demonstrated how any

of the withheld or redacted documents were pre-decisional and deliberative.

57.     KS also notified the BLM of its failure to segregate and release non-exempt por-

tions of records withheld pursuant to Exemption 5's DPP.

58.     KS Wild's appeal explained that the BLM's actions violated FOIA and requested

that it release the unlawfully withheld records.

59.     On February 15, 2022, the DOI acknowledged receipt of KS Wild's appeal in its

Washington Office and assigned it control number 2022-078 ("Appeal number 2022-078" or

"First Appeal"). The DOI responded to KS Wild's First Appeal that same date with a letter of its

---

[1] The government commercial information privilege redactions are not at issue in this litigation.

intent to take "**NO ACTION**" (all CAPS and bold emphasis in original) on the appeal and that its letter "completes the Department's response" to the appeal.

60.    On February 23, 2022, KS Wild sent a letter noting that Appeal number 2022-078 was ongoing, had not been withdrawn or resolved, and asked the Department to make a determination on the expedited processing request.

61.    KS Wild's February 23rd letter noted that the First Appeal was in response to the documents that the BLM already decided to partially disclose or fully withhold on January 7, 2022.

62.    On February 25, 2022, the DOI responded in an email claiming KS Wild prematurely filed its appeal and refused to issue any final determinations.

63.    Under FOIA and the DOI's regulations, the expedited processing determination was due on March 1, 2022. *See* 5 U.S.C. § 552(a)(6)(E)(ii)(I); 43 C.F.R. § 2.20(e).

64.    The DOI did not issue an expedited processing determination on Appeal number 2022-078 by March 1, 2022.

65.    Under FOIA and the DOI's regulations, the final appeal decision was due on March 15, 2022. *See* 5 U.S.C. § 552(a)(6)(A)(ii); 43 C.F.R. § 2.62(a).

66.    The DOI did not issue a final determination on Appeal number 2022-078 by March 15, 2022.

67.    On March 11, 2021, the BLM released its second and final response to KS Wild's Request, for which the agency stated that it had reviewed approximately 229 pages of documents. Of these responsive records, the BLM stated that approximately 83 pages could be released in their entirety. The agency partially withheld at least 140 partial and 77 full pages under

one or more of the subsets of Exemption 5. Specifically, the BLM withheld approximately 130

partial and 77 full pages pursuant to Exemption 5's DPP.

68.     The BLM did not specifically identify any of the withheld records or explain with

any particularity how FOIA's disclosure exemptions bar their release.

69.     To justify the nondisclosures, the BLM merely offered conclusory assertions that

draft maps, draft correspondence, raw data, inter-agency and draft briefing paper discussions on

decision making matters are deliberative internal processes and as such must be withheld pursu-

ant to Exemption 5.

70.     Overall, the BLM withheld approximately 129 full pages and 317 partial pages

pursuant to Exemption 5's DPP.

71.     The BLM did not include any information specific to any of the withheld or re-

dacted 446 pages explaining why the deliberative process privilege applied to that particular re-

cord.

72.     Concerned by the scope of the BLM's nondisclosure, the inadequacy of its justifi-

cation, and the agency's complete failure to segregate and release non-exempt portions of the

record, on March 23, 2022, KS Wild filed its second administrative appeal — subsequently as-

signed Appeal number 2022-093 — contesting the determination of the Request.

73.     In its appeal, KS Wild noted that the BLM had not clearly demonstrated how any

of the withheld or redacted documents were pre-decisional and deliberative.

74.     KS also notified the agency of its failure to segregate and release non-exempt por-

tions of records withheld pursuant to Exemption 5's DPP.

75.     KS Wild's appeal explained that the BLM's actions violated FOIA and requested

that it release the unlawfully withheld records.

**COMPLAINT**

76.    On April 2, 2022, the DOI acknowledged by letter, receipt of KS Wild's appeal in its Washington Office and assigned it control number 2022-093 ("Appeal number 2022-093" or "Second Appeal"). The DOI denied expedited processing and did not provide an estimated completion date, nor did it request an extension of the 20-statuory deadline for appeal responses. This communication directed all questions to the FOIA Appeals Office at foia.appeals@sol.doi.gov.

77.    On April 4, 2022, KS Wild emailed foia.appeals@sol.doi.gov asking for an estimated completion date for Appeal number 2022-093.

78.    The DOI failed to respond to KS Wild's April 4, 2022 request for an estimated completion date.

79.    Under FOIA and the DOI's regulations, the final appeal decision was due by April 19, 2022. *See, e.g.,* 5 U.S.C. § 552(a)(6)(A)(ii); 43 C.F.R. § 2.62(a).

80.    The DOI did not issue a final determination on Appeal number 2022-093 by April 19, 2022.

81.    On May 25, 2022, KS Wild emailed foia.appeals@sol.doi.gov asking for an estimated completion date for Appeal number 2022-093.

82.    The DOI failed to respond to KS Wild's May 25, 2022 request for an estimated completion date.

83.    On July 27, 2022, KS Wild emailed foia.appeals@sol.doi.gov asking for a final determination or estimated completion date for Appeal number 2022-093.

84.    The DOI failed to respond to KS Wild's July 27, 2022 request for an estimated completion date.

85.    On September 22, 2022, KS Wild emailed foia.appeals@sol.doi.gov asking for a final determination or estimated completion date for Appeal number 2022-093. KS Wild in-

formed the agency that it would pursue litigation if it did not receive a final determination or reasonably estimated completion date by September 29, 2022.

86.    The DOI failed to respond to KS Wild's September 22, 2022 request for an estimated completion date or final determination.

87.    As of the date this action was filed, over 6 months have passed since KS Wild filed Appeal number 2022-093.

88.    As of the date this action was filed, the DOI has failed to make a final determination resolving KS Wild's Appeal number 2022-093.

89.    As of the date this action was filed, Defendants have not identified specific harms to the interests protected by the DPP that it can reasonably foresee would actually ensue from disclosure of the materials withheld in this case nor have they connected such harms in a meaningful way to that information.

## ALLEGATIONS PERTAINING TO ALL REQUEST AND APPEALS AT ISSUE HEREIN

90.    The filing of this lawsuit is necessary to compel Defendants to disclose all records that are responsive to KS Wild's FOIA request and appeals.

91.    KS Wild's claims presented herein are not insubstantial within the meaning of 5 U.S.C. § 552(a)(4)(E)(ii)(II).

92.    No exceptional circumstances exist within the meaning of FOIA, 5 U.S.C. § 552(a)(6)(C), that would allow this Court to grant Defendants more time to review and disclose the requested records.

93.    Defendants have not exercised due diligence in searching for and releasing records responsive to KS Wild's request and appeals.

94.    To the extent that the delays at issue in this case result from a predictable agency workload of FOIA requests, Defendants have not made reasonable progress in reducing its backlog of pending requests.

95.    The circumstances surrounding the denial of KS Wild's First Appeal — Appeal Number 2022-078 — raise questions about whether agency personnel acted arbitrarily or capriciously with respect to the withholdings at issue in this case.

96.    The circumstances surrounding the withholding raise questions about whether agency personnel acted arbitrarily or capriciously with respect to the withholdings at issue in this case.

97.    Based on the nature of KS Wild's professional activities, KS Wild will continue to employ FOIA's provisions for information requests to Defendants in the foreseeable future. Indeed, KS Wild has firm and definitive plans to submit additional FOIA requests to Defendants in the near future. KS Wild's professional activities will be adversely affected if Defendants are allowed to continue violating FOIA's disclosure provisions. Unless enjoined and made subject to a declaration of KS Wild's legal rights by this Court, Defendants will continue to violate the rights of KS Wild to receive public records under FOIA.

98.    KS Wild has been required to expend costs and to obtain the services of attorneys to prosecute this action.

## FIRST CLAIM FOR RELIEF

### (VIOLATION OF FOIA: DECISION DEADLINE VIOLATIONS)

99.    Plaintiff re-alleges and incorporates all preceding paragraphs herein by reference.

100.    KS Wild has a statutory right to have Defendants process its FOIA requests, expedited process requests, and appeals in a manner which complies with FOIA.

**COMPLAINT**

**101.**    Plaintiff's rights in this regard were violated when the Defendants unlawfully delayed their responses to its information request and appeals beyond the 20-day decision deadlines imposed by FOIA. 5 U.S.C. §§ 552(a)(6)(A)(i), (ii).

**102.**    Plaintiff's rights in this regard were also violated when the Defendants unlawfully delayed their response to its expedited processing request beyond the 10-day decision deadlines imposed by FOIA and DOI regulations. 5 U.S.C. § 552(a)(6)(E)(ii)(I); 43 C.F.R. § 2.20(e).

**103.**    Defendants are unlawfully withholding public disclosure of information sought by Plaintiff, information to which it is entitled and for which no valid disclosure exemption applies.

**104.**    KS Wild frequently relies on FOIA to obtain agency records used in its ongoing environmental advocacy and public education work.

**105.**    KS Wild's professional activities will be adversely affected if Defendants are allowed to continue violating FOIA's decision deadlines as they have in this case.

**106.**    Unless made subject to a declaration of KS Wild's legal rights by this Court, the Defendants will likely continue to violate KS Wild's right to have its record requests processed as required by FOIA.

**107.**    KS Wild is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## <u>SECOND CLAIM FOR RELIEF</u>

### (VIOLATION OF FOIA: CONSTRUCTIVE DENIAL OF FOIA REQUEST AND WITHOLDING OF INFORMATION)

**108.**    Plaintiff re-alleges and incorporates all preceding paragraphs herein by reference.

**COMPLAINT**

19

**109.**    KS Wild has a statutory right to the records it seeks, which are "agency records" within the meaning of FOIA, and there is no legal basis for Defendants to assert that any of FOIA's nine disclosure exemptions apply to the records requested. *See* 5 U.S.C. § 552(b)(1)-(9).

**110.**    Defendants violated KS Wild's rights under FOIA by failing to comply with the Act's decision deadlines and to make a determination on KS Wild's FOIA request and appeals and by thus constructively withholding information responsive to KS Wild's FOIA request and appeal.

**111.**    Based on the nature of KS Wild's professional activities, it will continue to employ FOIA's provisions for information requests to Defendants in the foreseeable future.

**112.**    KS Wild's professional activities will be adversely affected if Defendants are allowed to continue violating FOIA's disclosure provisions as it has in this case.

**113.**    Unless enjoined and made subject to a declaration of KS Wild legal rights by this Court, Defendants will continue to violate the rights of KS Wild to receive public records under FOIA.

**114.**    KS Wild is entitled to reasonable costs of litigation, including attorneys' fees and costs pursuant to FOIA. 5 U.S.C. § 552(A)(4)(E).

## THIRD CLAIM FOR RELIEF

### (VIOLATION OF FOIA: UNLAWFUL APPLICATION OF DISCLOSURE EXEMPTIONS)

**115.**    Plaintiff re-alleges and incorporates all preceding paragraphs herein by reference.

**116.**    KS Wild has a statutory right to the records it seeks, and there is no legal basis for Defendants to assert that any of FOIA's nine disclosures exemptions apply. *See* 5 U.S.C. § 552(b)(1)-(9).

**COMPLAINT**

117.    Defendants have violated KS Wild's rights in this regard by unlawfully withholding information responsive to Plaintiff's FOIA request based on the improper and overly broad application of FOIA's exemptions to mandatory information disclosure.

118.    Based on the nature of KS Wild's professional activities, it will undoubtedly continue to employ FOIA's provisions in information requests to Defendants in the foreseeable future.

119.    KS Wild's professional activities will be adversely affected if Defendants are allowed to continue violating FOIA's disclosure provisions as it has in this case.

120.    Unless enjoined and made subject to a declaration of KS Wild's legal rights by this Court, Defendants will continue to violate Plaintiff's rights to receive public records under FOIA.

121.    KS Wild is entitled to reasonable costs of litigation, including attorneys' fees and costs pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## <u>FOURTH CLAIM FOR RELIEF</u>

### (VIOLATION OF FOIA: FAILURE TO PROVIDE REASONABLY SEGREGABLE PORTIONS OF ANY OTHERWISE LAWFULLY EXEMPT RECORDS)

122.    Plaintiff re-alleges and incorporates all preceding paragraphs herein by reference.

123.    KS Wild has a statutory right to any reasonably segregable portion of a record containing information that is otherwise subject to any of FOIA's exemptions.

124.    To the extent that any of the records withheld from the BLM's response to KS Wild's FOIA request are lawfully exempt from disclosure, the BLM failed to consider whether partial disclosure of the contents was possible and did not take the reasonable steps necessary to segregate and release any nonexempt information.

**COMPLAINT**

**125.**    The BLM violated KS Wild's rights by unlawfully withholding reasonably segregable portions of any otherwise lawfully exempt records that are responsive to the Plaintiff's FOIA Request.

**126.**    Unless enjoined and made subject to a declaration of KS Wild's legal rights by this Court, the BLM will continue to violate KS Wild's statutory right to the records it requested in 2021.

**127.**    KS Wild is entitled to reasonable costs of litigation and attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

### FIFTH CLAIM FOR RELIEF

### (VIOLATION OF FOIA: DOI'S REFUSAL TO ACCEPT AND PROCESS APPEAL OF BLM'S PARTIAL RESPONSE)

**128.**    Plaintiff re-alleges and incorporates all preceding paragraphs herein by reference.

**129.**    KS Wild has a statutory right to have Defendants process its expedited process requests and appeals in a manner which complies with FOIA and DOI regulations.

**130.**    If an agency denies all or part of a FOIA request, the requestor may appeal to the head of that agency. 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa) (establishing that a requester may file an appeal to an agency "not less than 90 days after the date of such adverse determination"); 43 C.F.R. § 2.57(a)(1) ("you may file an appeal when … the bureau withholds records, or parts of records").

**131.**    When the BLM sent its initial response on January 7, 2022, it issued an "adverse determination" on Plaintiff's FOIA request.

**132.**    Appeals must be received by the FOIA Appeals Officer no later than 90 workdays from the date of the final decision. 43 C.F.R. § 2.58(a); 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa).

**COMPLAINT**

**133.**    Plaintiff sent Appeal Number 2022-078 no later than 90 workdays from the date of the January 7, 2022 adverse determination on its FOIA request.

**134.**    The agency must "make a determination with respect to [the] appeal within twenty [working] days" after receiving the appeal. 5 U.S.C. § 552(a)(6)(A)(ii); 43 C.F.R. § 2.62(a).

**135.**    The DOI's February 15, 2022 letter asserted it would take "NO ACTION" on Appeal Number 2022-078

**136.**    Plaintiff notified the DOI that the appeal remained ongoing in a letter on February 23, 2022 and that Defendant must therefore make a final determination resolving it.

**137.**    The DOI again reiterated that it could take "no action" on Appeal Number 2022-078 in an email response to Plaintiff on February 25, 2022.

**138.**    There is no statutory basis for an agency to demand a requester await completion of an untimely final decision before filing an appeal of an agency's adverse determination in a partial response to a FOIA request. *See, e.g., Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180 (D.C. Cir., 2013) (noting that such a demand would impose an unlawful "Catch 22" because in such a context "A requester cannot appeal within the agency because the agency has not provided the necessary information. Yet the requester cannot go to court because the requester has not appealed within the agency").

**139.**    The DOI unlawfully refused to make a final determination on Appeal Number 2022-078 and the associated expedited processing request within the timeframe of FOIA and DOI regulations. In doing so, the DOI violated Plaintiff's right to an appeal decision and expedited process determination.

**COMPLAINT**

**140.**    Unless enjoined and made subject to a declaration of KS Wild's legal rights by this Court, the DOI will continue to violate KS Wild's statutory right to appeal FOIA responses per FOIA and DOI regulations.

**141.**    KS Wild is entitled to reasonable costs of litigation and attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## SIXTH CLAIM FOR RELIEF

**(VIOLATION OF FOIA: FAILURE TO PROVIDE AN ESTIMATED DATE ON WHICH THE AGENCY WILL COMPLETE ACTION ON PLAINTIFF'S FOIA REQUEST AND APPEALS)**

**142.**    Plaintiff re-alleges and incorporates all preceding paragraphs herein by reference.

**143.**    FOIA requires federal agencies to provide the requester with information about the status of the agency's response to an information request or appeal, including an estimated date on which the agency will complete action on the request or appeal. 5 U.S.C. § 552(a)(7)(B)(ii).

**144.**    KS Wild repeatedly asked Defendants for an estimated date on which Defendants would complete action on KS Wild's FOIA request and appeals. In so doing, the KS Wild constructively invoked 5 U.S.C. § 552(A)(7)(B)(ii).

**145.**    Defendants have repeatedly violated and continues to violate FOIA by failing to provide KS Wild with an estimated date of completion for KS Wild's request and appeal.

**146.**    KS Wild is entitled to reasonable costs of litigation and attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

_/ / /_

_/ / /_

**COMPLAINT**

## SEVENTH CLAIM FOR RELIEF

**(VIOLATION OF FOIA AND APA: ENGAGING IN A PATTERN, PRACTICE OR POLICY OF UNLAWFUL CONDUCT OF FAILURE TO PROVIDE ESTIMATED COMPLETION DATES)**

**147.** Plaintiff re-alleges and incorporates all preceding paragraphs herein by reference.

**148.** Defendants have adopted and is engaged in a pattern, practice or policy of violating FOIA's procedural requirements when processing FOIA request or associated appeals by repeatedly refusing to issue an estimated date on which it will complete action on information request or associated appeals as required by 5 U.S.C. § 552(a)(7)(B)(ii).

**149.** Defendants are required by FOIA and the APA to respond to public information requests in a manner that discharges certain non-discretionary duties and to carry out its statutory duties in a manner that is not arbitrary, capricious or an abuse of discretion and not in accordance with law.

**150.** In this case Defendants have engaged in a pattern, practice or policy of violating FOIA in responding to KS Wild's information request or appeals by its failure to provide estimated dates by which they would be completed.

**151.** Defendants' pattens, practices or policy of failing to provide estimated completion dates for processing information requests or associated appeals violates the intent and purpose of FOIA.

**152.** Defendants' patterns, practices or policies for processing FOIA requests and appeals have resulted in violations of KS Wild's rights to the lawful implementation of FOIA as alleged above.

**153.** Additionally, Defendants' patterns, practices or policies for process FOIA requests and appeals are likely to result in future violations of FOIA that will harm KS Wild and its members because KS Wild is likely to continue seeking public records from Defendant.

**154.** Defendants' patterns, practices or policies of unlawful conduct in violation of FOIA's clear requirement to issue an estimated date on which it will complete action on information request or associated appeals is likely to recur absent intervention by this Court.

**155.** Defendants' pattern, practice or policy exists, whether formal or informal in nature.

**156.** FOIA imposes no limits on courts' equitable powers in enforcing its terms, and this Court should exercise its equitable powers to compel Defendants to comply with the clear requirements of FOIA and prevent it from continuing to apply its unlawful FOIA pattern, practice or policy.

**157.** KS Wild is entitled to a declaration that Defendants' actions violated FOIA and to an injunction barring Defendants from violating FOIA in the future when responding to KS Wild's FOIA requests or associated appeals. Whether made under FOIA or the APA, declaratory or injunctive relief will clarify and settle the legal relations at issue and afford relief from the uncertainty and controversy giving rise to these proceedings.

**158.** Defendants' unlawful patterns, practices or policies of violating FOIA when responding to KS Wild's FOIA request or associated appeals entitles KS Wild to an award of reasonable attorney fees and other litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412.

/ / /

**COMPLAINT**

## EIGHTH CLAIM FOR RELIEF

### (VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT; IN THE ALTERNATIVE TO CLAIMS ONE THROUGH SIX)

159.    Plaintiff re-alleges and incorporates all preceding paragraphs herein by reference.

160.    Defendants have failed to act in an official capacity under color of legal authority by violating FOIA through its failure and refusal to: (1) issue a timely final determination of KS Wild's FOIA request and appeals; (2) provide KS Wild with specific and accurate estimated completion dates for its FOIA request and appeals.

161.    Defendants have unlawfully withheld agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to: (1) issue a timely final determination of KS Wild's FOIA request and appeals; (2) provide KS Wild with specific and accurate esti-mated completion dates for its FOIA request and appeals and; (3) properly accept and decide Appeal Number 2022-078 as required by FOIA.

162.    KS Wild has been adversely affected by and suffered a legal wrong as the result of Defendants' failure to comply with the mandates of FOIA, which constitutes a violation of the Defendants' statutory duties under the APA.

163.    Defendants' failures and refusals to comply with the mandates of FOIA constitute agency action unlawfully withheld and unreasonably delayed and are therefore actionable pursu-ant to the APA.

164.    KS Wild is entitled to judicial review under the APA. 5 U.S.C. §§ 702, 706.

165.    KS Wild is entitled to costs of disbursements and costs of litigation, including reasonable attorney and expert witness fees, under the Equal Access to Justice Act, 28 U.S.C. § 2412.

## **PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and issue the following relief:

A.      Order Defendants to immediately comply with FOIA by disclosing to Plaintiff all non-exempt records sought in Plaintiff's 2021 Request and associated appeals;

B.      Declare that Defendants have violated FOIA—or, in the alternative, the APA— for the reasons set forth above;

C.      Award Plaintiff its reasonable fees, costs, expenses, and disbursements, including reasonable attorneys' fees associated with this litigation pursuant to the Freedom of Information Act, the Equal Access to Justice Act or other applicable legal authority;

D.      Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

E.      Grant Plaintiff such additional relief as the Court deems just and proper.


DATED this 3rd. day of October, 2022.


*/s/Kelsey Furman*                              */s/ David A. Bahr*
Kelsey Furman, OSB # 214184          David A. Bahr (Or. Bar No. 90199)
**Klamath-Siskiyou Wildlands Center**     **Bahr Law Offices, P.C.**
562 A St.                                          1035 _ Monroe Street
Ashland, Oregon 97520                      Eugene, OR  97402
(541) 200-7824                                 Phone: (541) 556-6439
kelsey@kswild.org                            davebahr@mindspring.com



*Plaintiff's Counsel*

**COMPLAINT**                                      28